## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. KRYSTAL EVANS., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. CIV-23-336-HE |
| v. ) | |
| ) | |
| 1. JOHNSON CONTROLS, ) | |
| ) | |
| And ) | |
| ) | |
| 2. DTC WORKFORCE PROGRAMS, INC., ) | |
| ) | |
| Defendants. ) | |

### COMPLAINT

**COMES NOW** the Plaintiff, Krystal Evans, and hereby pleads as follows:

### PARTIES

1.      The Plaintiff is Krystal Evans., an adult resident of Oklahoma County, Oklahoma.

2.      The Defendants are Johnson Controls ("Johnson") and DTC Workforce Programs, Inc. ("DTC"), both foreign companies doing business in Cleveland County, Oklahoma.

### JURISDICTION AND VENUE

3.      Plaintiff asserts claims for gender discrimination in pay, and retaliation for opposing such discrimination, in violation of the Equal Pay Act and Title VII of the Civil Rights Act of 1964 ("Title VII").  This Court has jurisdiction under 28 U.S.C. § 1331.

4.      Part or all of Plaintiff's causes of action arose in Cleveland County, which is a county within the Western District of Oklahoma such that venue is appropriate in this Court.

### STATEMENT OF FACTS

5.      The Defendants, jointly and/or separately, employed at least fifteen employees in at least twenty weeks of the current or proceeding calendar year and are employers under Title VII.

6.  Both employers are foreign entities operating in Oklahoma and other states and are thus engaged in interstate commerce and are employers under the Equal Pay Act.

7.  DTC holds itself out as Plaintiff's employer on her pay stubs. Plaintiff physically worked at Defendant Johnson. Both entities controlled the day-to-day terms of Plaintiff's employment such that they are both Plaintiff's employers as direct employers, joint employers and/or an integrated enterprise such that both Defendants are jointly and/or separately liable for the claims herein.

8.  Plaintiff was employed by Defendants from around October 7, 2021 until around November 1, 2021.

9.  Plaintiff was hired for the position of Machine Operator.

10. During Plaintiff's new-hire orientation she was informed that she would receive pay of $18.91 per hour.

11. After Plaintiff began working she was told by her trainer that she would be paid less than male Machine Operators because, among other things, "girls" were "weaker", she would be paid less than male Machine Operators.

12. When Plaintiff received her paycheck she noticed that she was paid less than the amount she had agreed to. Plaintiff also learned that male Machine Operators were being paid more than she was paid.

13. Plaintiff reported to her supervisor, Kaylee Hale (Fabrications Supervisor for Defendant Johnson) that she felt she was being paid less because she was a woman.

14. Plaintiff was terminated less than one month after she reported gender discrimination in pay.

15. As a direct result of Defendants' conduct the Plaintiff has suffered, and continues to suffer, wage loss (including back, present and front pay and the value of benefits

associated with such wages) and emotional distress/dignitary harm including worry, frustration, sadness and similar unpleasant emotions.

16.     At the least, Defendants' conduct was motived by Plaintiff's sex and/or her opposition to sex discrimination.  Such reasons may also have been but-for causes of Defendants' conduct.

17.     Plaintiff has exhausted her administrative remedies by timely filing an EEOC charge on March 22, 2022.  There is no exhaustion requirement under the Equal Pay Act.

## COUNT I

18.     Paying an employee less than a rate in which the employer pays employees of the opposite sex for equal work violates the Equal Pay Act and Title VII.

19.     Under this Count the Plaintiff is entitled to her wage loss resulting from such discrimination.

20.     Under the Equal Pay Act the Plaintiff is entitled to an award of liquidated damages.

21.     Under Title VII the Plaintiff is entitled to emotional distress damages and, for Defendant's willful or reckless conduct, an award of punitive damages.

22.     Plaintiff is also entitled to declaratory relief, attorney fees and costs.

## COUNT II

23.     Terminating an employee in retaliation for opposing gender discrimination in pay violates the Equal Pay Act and Title VII.

24.     Under this Count the Plaintiff is entitled to her wage loss (including back and front wage along with benefits associated with such wages).

25.     Under the Equal Pay Act the Plaintiff is entitled to an award of liquidated damages equal to the amount of back pay.

26.     Under Title VII the Plaintiff is entitled to emotional distress damages and, for Defendant's willful or reckless conduct, an award of punitive damages.

27.    Plaintiff is also entitled to declaratory relief, attorney fees and costs.

## PRAYER

**WHEREFORE**, Plaintiff requests this Court enter judgment in her favor and against the Defendants, and grant her all compensatory damages suffered, together with all damages, liquidated damages, attorneys' fees, costs and interest, and such other legal and equitable relief as this Court deems just and proper.

**RESPECTFULLY SUBMITTED THIS 21ST DAY OF APRIL 2023.**

HAMMONS, HURST & ASSOCIATES

s/Amber L. Hurst
Mark E. Hammons, OBA No. 3784
Amber L. Hurst OBA No. 21231
325 Dean A. McGee Avenue
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-6100
Facsimile: (405) 235-6111
amber@hammonslaw.com
*Attorneys for Plaintiff*